IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY ROY, on behalf of himself and others Similarly situated, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § | CASE NO. 3:25-cv-03278-S |
| HAYES FAMILY ENTERPRISES LLC d/b/a GECKO GREEN LAWN CARE, | § § § § § | |
| *Defendant.* | § | |

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS INJUNCTIVE RELIEF CLAIM,
and MOTION TO STRIKE RULE 23(b)(2) CLASS ALLEGATIONS**

COMES NOW, Defendant Hayes Family Enterprises, LLC (dba Gecko Green Lawn Care) ("Defendant" or "Gecko Green"), and pursuant to 12(b)(1) and 12(f), respectfully shows the Court as follows:

### I.    SUMMARY OF ARGUMENT

This is a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Plaintiff seeks both statutory damages and injunctive relief. However, Plaintiff has only identified three calls that allegedly violate the statute—the last of which occurred almost six months before this case was filed. Because the Complaint fails to allege any prospect of future harm or ongoing wrongful conduct, Plaintiff lacks Article III standing, and his claims for injunctive relief should be dismissed.

Moreover, Plaintiff's request for an injunctive relief class under Fed. R. Civ. P. 23(b)(2) should be stricken. (*Id.*, ¶¶ 39, 44, 59). Because Plaintiff lacks standing to pursue injunctive relief

1

on his own behalf, he also cannot assert claims on behalf of an injunctive relief class. Therefore, an Order striking Plaintiff's Rule 23(b)(2) class claims under Fed. R. Civ. P. 12(f) (or alternatively, under Rule 23(d)(1)(D)) is also appropriate.

## II.     FACTUAL BACKGROUND

Plaintiff alleges his telephone number has been listed on the National Do Not Call Registry since November 2021. (Dkt. 1, Complaint, ¶¶ 21). Plaintiff, who is a former customer of Gecko Green, also alleges that in November 2024[1] he asked Defendant to put him on its internal do not call list. *Id.*, ¶ 24. Plaintiff asserts that despite this request, Defendant made three calls to him in 2025—one on January 8, one on June 11, and one on July 7—the July 7 call being almost six months before this action was filed. *Id.*, ¶ 29. Although Plaintiff does not expressly allege he answered any of the identified calls, he asserts the calls "were made for the purpose of marketing Defendant's lawn care services." *Id.*, ¶ 30. Plaintiff does not allege any calls after July 7, 2025. *See generally id.*

The Complaint seeks statutory damages under the TCPA for Plaintiff and all Class members: "of $500 for each violation of the TCPA and $1500 for each knowing or willful violation." (*Id.*, Prayer for Relief, ¶ C). Plaintiff also requests injunctive relief "prohibiting Defendant from sending calls soliciting the purchase of its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future" and "to anyone who asked Defendant to stop." *Id.*, ¶¶ A & B.

---

[1] Any calls made to Plaintiff after it became Gecko Green's customer, and prior to his request to be put on its internal do not call list, would not meet the definition of an actionable "telephone solicitation" under the TCPA regulations because Gecko Green had an "established business relationship" with Plaintiff during such period of time. *See* 47 C.F.R. § 64.1200(f)(5) & (15).

### III.     ARGUMENT & AUTHORITIES

A.     Plaintiff Lacks Article III Standing to Seek Injunctive Relief.

Facial challenges to constitutional standing under Article III are properly brought under Rule 12(b)(1). *See Harold H. Huggins Realty, Inc. v. FNC, Inc*., 634 F.3d 787, 795 n.2 (5th Cir. 2011). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To demonstrate Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

"[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citations omitted). Indeed, "the Supreme Court made clear that plaintiffs may lack standing to seek prospective relief even though they have standing to sue for damages." *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (en banc) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-03 (1983)).

"To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future". *Id.* Specifically, to have standing when seeking injunctive relief, a plaintiff must allege facts: (1) "from which it appears there is a substantial likelihood that he will suffer injury in the future"; (2) demonstrating "a substantial and continuing controversy between two adverse parties"; (3) "from which the continuation of the dispute may be reasonably inferred"; and (4) showing the

3

controversy is "real and immediate, . . . creat[ing] a definite, rather than speculative threat of future injury". *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations omitted). The plaintiff, as the party invoking federal jurisdiction, bears the burden at the pleading stage of clearly alleging such facts. *See Deutsch v. Travis Cty. Shoe Hosp., Inc*., 721 F. App'x 336, 339 (5th Cir. 2018) (citations omitted).

In this case, the face of the Complaint demonstrates that Plaintiff lacks Article III standing to seek injunctive relief. Plaintiff pleads no facts, which if proven, would establish substantial likelihood that he will suffer injury in the future, that there is a substantial and continuing controversy between him and Defendant that would be addressed through injunctive relief, or from which an inference of such a dispute can reasonably be drawn. There are simply no allegations of any real and immediate threat of future injury to Plaintiff.

Numerous courts around the country have concluded complaints that contained threadbare injunctive relief allegations similar to those asserted by Plaintiff here were insufficient to survive a 12(b)(1) motion to dismiss. *See*, *e.g.*, *Koeller v. Cyflare Sec., Inc*., No. 4:25-cv-00410-MTS, 2025 U.S. Dist. LEXIS 231540, at *7 (E.D. Mo. Nov. 25, 2025) (allegations of two calls to plaintiff in three months plus a call to another alleged class member a year earlier were insufficient to provide Article III standing for injunctive relief); *Wilson v. PacifiCorp*, No. 6:24-cv-01956-AA, 2025 U.S. Dist. LEXIS 193363, at *7 (D. Or. Sept. 30, 2025) (inability to allege call received more recently than 10 months prior to complaint defeated plaintiff's standing to assert claims for injunctive relief); *Taylor v. Kin Ins., Inc*., No. 25-cv-00213, 2025 U.S. Dist. LEXIS 109673, at *5 (N.D. Ill. June 10, 2025) (plaintiff's allegation of receiving two calls within the span of a single month did not support the inference that she was at risk of repeated injury); *Johnson v. ACA Helpline, LLC*, No. 3:24cv663 DRL-

SJF, 2025 U.S. Dist. LEXIS 14760, at *6 (N.D. Ind. Jan. 24, 2025) (two calls four months before suit were insufficient to plead a likelihood of substantial and immediate irreparable injury); *Martin v. Bottom Line Concepts LLC*, 723 F.Supp.3d 270, 281-82 (S.D.N.Y. 2024) (no standing for injunctive relief where complaint only detailed one call received a month before suit); *Brown v. Nano Hearing Tech Opco, LLC,* No. 3:24-cv-00221-BTM-JLB, 2024 U.S. Dist. LEXIS 120371, at *20 (S.D. Cal. July 9, 2024) (dismissing TCPA injunctive relief claim based on allegations plaintiff had received three calls from the defendant in one month prior to filing suit and none since did not show "a sufficient likelihood that [plaintiff would] again be wronged in a similar way."); *Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251–52 (S.D. Fla. 2019) (dismissing request for injunctive relief in TCPA case for lack of standing where there was nothing suggesting possible future injuries).

Plaintiff has not and cannot establish the requisite conduct to create Article III standing to seek injunctive relief. Plaintiff alleges that he received three telephone calls, the last of which was almost six months before this action was filed. Plaintiff does not allege any facts to suggest he is subject to "either continuing harm, or a real and immediate threat of repeated injury in the future". *Herman*, 959 F.2d at 1285. Dismissal of the Complaint's injunctive relief allegations under Rule 12(b)(1) is appropriate.

  B. <u>Plaintiff's Fed. R. Civ. P. 23(b)(2) Injunctive Relief Class Allegations Should be Stricken.</u>

"The court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Likewise, under Rule 23(d), the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(d)(1)(D).

Plaintiff's injunctive relief class allegations should be stricken because he lacks Article

5

III standing to seek injunctive relief in his own right. *See Johnson*, 2025 U.S. Dist. LEXIS 14760, at *7 (striking as impertinent plaintiff's 23(b)(2) class allegations because his "lack of standing to seek injunctive relief also means that [he] may not seek that relief on behalf of the putative class." (citation omitted)). "In the class-action context, the class representative must have standing to represent a class of other allegedly injured persons. After all, if the class representative lacks standing, then there is no Article III suit to begin with — class certification or otherwise." *Wilson v. Centene Mgmt. Co., L.L.C.*, 144 F.4th 780, 787 (5th Cir. 2025) (citations omitted). Plaintiff's lack of Article III standing dooms his Rule 23(b)(2) class allegations as well.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Hayes Family Enterprises, LLC (dba Gecko Green Lawn Care) respectfully submits the Court should: (i) dismiss the Complaint as to all claims for injunctive relief pursuant to Fed. R. Civ. P. 12(b)(1); and (ii) strike Plaintiff's Fed. R. Civ. P. 23(b)(2) class allegations from the Complaint pursuant to Fed. R. Civ. P. 12(f) (or alternatively, Fed. R. Civ. P. 23(d)(1)(D)).

Respectfully submitted,

/s/ *David W. Dodge*
David W. Dodge, P.C.
State Bar No. 24002000
ddodge@gpmz-law.com
Charles C. Frederiksen
State Bar No. 07413300
cfrederiksen@gpmz-law.com
GLAST PHILLIPS MURRAY ZOPOLSKY, P.C.
14901 Quorum Drive, Suite 300
Dallas, TX 75254-6735
972-419-8300 – Telephone
972-418-8329 – Telecopier

ATTORNEYS FOR DEFENDANT

                HAYES FAMILY ENTERPRISES LLC d/b/a
                GECKO GREEN LAWN CARE

### CERTIFICATE OF SERVICE

I certify that on January 20, 2026, I served a copy of the foregoing document on all counsel of record in accordance with Federal Rule of Civil Procedure 5 via the Court's ECF system.

                /s/ *David W. Dodge*
                David W. Dodge