**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| TONY ROY, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 3:25-cv-03278-S |
| Plaintiff, | : : | |
| v. | : : | |
| HAYES FAMILY ENTERPRISES LLC d/b/a GECKO GREEN LAWN CARE | : : : | |
| Defendant | : : | |

_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS**

**Introduction**

This action arises from Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), which Congress enacted to protect consumers from invasive and unwanted telemarketing calls. Plaintiff alleges that Defendant placed multiple telemarketing calls to his residential telephone number despite that number having been registered on the National Do Not Call Registry for years and despite Plaintiff's express requests that Defendant stop calling him. Rather than dispute the sufficiency of these allegations or deny the conduct, Defendant seeks dismissal of Plaintiff's injunctive relief claims and striking of Plaintiff's Rule 23(b)(2) class allegations at the pleading stage. Defendant's motion misstates Article III standing requirements, ignores the nature of the TCPA violations that the Plaintiff has experienced, and improperly asks the Court to resolve fact-intensive issues before discovery has begun.

Because Plaintiff has plausibly alleged a real and immediate threat of future harm and systemic conduct capable of class-wide injunctive relief, Defendant's motion should be denied.

## Background

Plaintiff Tony Roy is an individual residing in Texas whose residential telephone number has been listed on the National Do Not Call Registry since November 2021. ECF No. 1 ¶¶ 17, 21. Plaintiff briefly used Defendant's lawn care services in 2024 but ceased using those services in April 2024. Id. ¶¶ 22–23. After ending the business relationship, Plaintiff expressly requested that Defendant stop calling him and informed Defendant that his number was registered on the National Do Not Call Registry. Id. ¶¶ 24–25.

Despite these requests, Defendant continued to place unsolicited telemarketing calls to Plaintiff's residential telephone number. ECF No. 1 ¶¶ 26–28. Plaintiff alleges that, after making multiple verbal do-not-call requests, he received at least three telemarketing calls from Defendant in 2025, including calls on January 8, June 11, and July 7. Id. ¶ 29. These calls were made for the purpose of marketing Defendant's lawn care services and were part of Defendant's efforts to solicit business from Plaintiff despite his prior revocation of consent and do-not-call requests. Id. ¶¶ 30–31.

Plaintiff alleges that these calls were unwanted, intrusive, and made in violation of the TCPA and its implementing regulations. ECF No. 1 ¶¶ 32–35. Plaintiff further alleges that Defendant's conduct was not isolated to him alone, but instead reflects broader telemarketing practices that resulted in similar unlawful calls to other consumers whose numbers were registered on the National Do Not Call Registry or who had requested that calls stop. Id. ¶¶ 36–38. Based on these allegations, Plaintiff brings this action individually and on behalf of similarly situated consumers, seeking statutory damages and injunctive relief to prohibit Defendant from continuing to place unlawful telemarketing calls in violation of federal law. Id. ¶¶ 39–59.

## Argument

### I.     The Plaintiff Should be Permitted to Pursue his Claim for Injunctive Relief

Congress expressly authorized private plaintiffs to seek injunctive relief under the TCPA, reflecting its judgment that monetary damages alone are often insufficient to deter ongoing telemarketing violations. See 47 U.S.C. § 227(c)(5). However, the Defendant argues that Plaintiff lacks standing to pursue injunctive relief because the Complaint alleges only past harm. This argument mischaracterizes both the allegations and the nature of the relief sought as the Plaintiff alleges that Defendant telemarketing to place non-emergency calls to cellular telephone numbers without consent. These allegations support a reasonable inference that Defendant's practices are ongoing and systematic, not isolated or accidental.

The risk of future harm is not speculative where, as here, Defendant has demonstrated a willingness to use telemarketing system without verifying consent or accuracy of the called number. Nothing in the Complaint suggests Defendant has changed its practices, implemented safeguards, or ceased the conduct at issue. To the contrary, Plaintiff alleges that Defendant routinely uses telemarketing, creating a continuing risk that Plaintiff and class members will be subjected to further unlawful calls.

To obtain permanent injunctive relief, a plaintiff must show that: (1) it has suffered an irreparable injury; (2) the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) the balance of hardships between the parties warrants an equitable remedy; and (4) the permanent injunction would not disserve the public interest. *See ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008). But courts apply this standard until *after* holding a full trial on the merits. *Id.*

To obtain permanent injunctive relief, a plaintiff must show that: (1) it has suffered an irreparable injury; (2) the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) the balance of hardships between the parties warrants an equitable remedy; and (4) the permanent injunction would not disserve the public interest. *See ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008). But courts apply this standard until *after* holding a full trial on the merits. *Id.; Callier v. Texas,* 2024 U.S. Dist. LEXIS 61076, *11 (W.D. Tex.).

Indeed, cases evaluating this under the TCPA have held the same. For a statutory injunction, like under the TCPA, "Article III's standing requirement centers 'on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed.'" *Edgar v. Haines*, 2 F.4th 298, 310 (4th Cir. 2021) (quoting *Davis v. FEC*, 554 U.S. 724, 734, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008)). Particularly at this stage before there has been any discovery, the Plaintiff's allegations establish Article III standing to seek injunctive relief on behalf of the putative class. *See Owens-Benniefield v. Nationstar Mortg. LLC*, 258 F. Supp. 3d 1300, 1314-15 (M.D. Fla. 2017) (denying motion to dismiss prayer for injunctive relief, explaining that "the TCPA . . . does allow a plaintiff to bring an action 'to enjoin [further] violation' of § 227(b)") (quoting 47 U.S.C. § 227(b)(3)(A)); *Snyder,* 258 F. Supp. 3d at 900-01 ("Plaintiffs have sufficiently shown that members of the proposed class face a real and immediate threat of receiving calls from Ocwen that allegedly violate the TCPA. . . . The Court concludes that plaintiffs [whose individual claims for injunctive relief are moot] may pursue claims for injunctive relief on behalf of a class."); *Griffith v. ContextMedia, Inc.,* 235 F. Supp. 3d 1032, 1033-35 (N.D. Ill. 2016) (holding, based on allegations that defendants kept calling after being told to stop, that "plaintiff's allegations—particularly those directed to her months-long efforts to

stop defendants' unwanted texts—are sufficient to entitle her to develop the factual record as to whether injunctive relief is appropriate").

Indeed, another Court held the same in *Burke v. Credit One Bank, N.A.,* No. 8:18-cv-00728-EAK-TGW, 2019 U.S. Dist. LEXIS 62770, at *11-12 (M.D. Fla. Feb. 5, 2019) in a TCPA case:

> Plaintiff seeks injunctive relief in favor of both herself *and* the putative class. The Court cannot examine, at this juncture, whether injunctive relief is appropriate for members of the putative class, as the parties have not engaged in discovery and Plaintiff has not moved to certify the class. *See Snyder*, 258 F. Supp. 3d at 900-01 (preliminarily finding that the named plaintiffs did not face a current threat of receiving telephone calls from the defendant, but conducting a standing analysis for the requested injunction—finding that the named plaintiffs had sufficiently demonstrated that class members continued to receive phone calls and a named plaintiff possessed a live claim for injunctive relief when she joined the lawsuit—where the parties had engaged in discovery and the named plaintiffs had moved for class certification). Indeed, Defendants ask the Court to dismiss or strike injunctive relief for presently unidentifiable class members prior to an opportunity for the putative class' certification. Defendants' request for the Court to dismiss or [*12] strike Plaintiff's prayers for injunctive relief is therefore due to be denied.

*See also Wijesinha v. Bluegreen Vacations Unlimited, Inc.,* No. 19-20073-CIV, 2019 U.S. Dist. LEXIS 57136, at *18-19 (S.D. Fla. Apr. 3, 2019) (Denying similar motion in TCPA case, holding "The Court is not determining an entitlement to treble damages or injunctive relief at this juncture…Nor is it necessary a pleading establish the four elements for injunctive relief — for example, whether the threatened injury to the movant outweighs whatever damage the injunction may cause a defendant — as those would be the subject of a motion for injunctive relief and not a listed remedy included in a pleading.")  Defendant's argument effectively asks this Court to adopt a *per se* rule that injunctive relief is unavailable whenever a telemarketer pauses its calls for several months before suit is filed. No court in the Fifth Circuit has adopted such a rule, and doing so would conflict with Article III precedent and the TCPA's remedial purpose.

Telemarketing campaigns are episodic by nature, and a temporary lull—particularly where the defendant has not disavowed the conduct—does not negate the plausibility of future injury.

As a Court from the Northern District of Illinois similarly held, "[t]he Supreme Court has recognized that when the time frame for the alleged injury is by nature temporary, a named plaintiff can continue to pursue the interests of the class even after his own claim has been rendered moot. Otherwise, a defendant could evade prospective injunctive relief simply by inflicting harms that are too transitory to last the length of an entire lawsuit or, in this case, by ceasing the alleged violations with respect to plaintiffs who step forward." *Snyder v. Ocwen Loan Servicing, LLC*, 258 F. Supp. 3d 893, 901 (N.D. Ill. 2017) (citation omitted). Accordingly, the *Snyder* court rejected the argument that a plaintiff cannot pursue injunctive relief for a class once he stops receiving calls:

> If this were sufficient to defeat standing, Ocwen would be able to cease calls to any individual the instant he joined the case as a named plaintiff and thereby indefinitely avoid injunctive relief, while keeping the allegedly unlawful practices in effect. A defendant's choice to end the challenged behavior— where he remains free to resume the unlawful conduct at any time—is insufficient to render plaintiff's claim moot.

*Id.* at 901 (citation omitted). At the pleading stage, Plaintiff need not prove that he will receive another call tomorrow or next week. It is sufficient that the Complaint plausibly alleges a real and immediate threat of future harm arising from Defendant's ongoing conduct. Defendant's attempt to reframe this as a purely historical dispute improperly raises factual issues that cannot be resolved on a motion to dismiss.

However, even if he did the Defendant's motion should still be denied. In *Atkinson v. Choice Home Warranty*, the court held that seven calls that occurred seven months before the filing of the Complaint were sufficient to establish standing for injunctive relief. *See* 2023 U.S. Dist. LEXIS 5570, 2023 WL 166168, at *7 (D. NJ.). When accepted as true, the "recurrent and

relatively recent nature of the alleged calls" establish a sufficient likelihood that Defendants will call Plaintiff in the future. *Id.*

Moreover, a permanent injunction is a form of relief—not a separate claim or cause of action. *See, e.g., Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010). It follows then, that courts will not dismiss a complaint's request for a permanent injunction unless they have also dismissed the underlying claim requesting such relief. *See Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1576 (5th Cir. 1988) (dismissal of claims based on their request for permanent injunction [*12] not proper subject of Rule 12(b)(6) motion). And this makes sense: a motion to dismiss under Rule 12(b)(6) addresses the cause of action alleged and not the remedy sought. *See City of N.Y. v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 353 (E.D.N.Y. 2007).

Finally, Defendant's request to strike Plaintiff's Rule 23(b)(2) allegations is procedurally improper and substantively unsupported. Whether Defendant's conduct applies generally to the class, whether injunctive relief predominates, and whether Rule 23(b)(2) certification is appropriate are fact-intensive questions that cannot be resolved on the face of the complaint. Plaintiff alleges standardized conduct—placing telemarketing calls in violation of the National Do Not Call Registry and ignoring internal do-not-call requests—conduct that is paradigmatic of Rule 23(b)(2) claims. Defendant's arguments concerning predominance, cohesiveness, or the availability of Rule 23(b)(3) relief are premature and belong, if anywhere, at the class certification stage after discovery. Striking the Rule 23(b)(2) allegations now would improperly foreclose a statutory remedy before Plaintiff has had any opportunity to develop the factual

record. Courts routinely deny similar motions where, as here, the complaint plausibly alleges

conduct capable of supporting class-wide injunctive relief.

## Conclusion

Plaintiff has plausibly alleged repeated TCPA violations, disregard of both federal and

company-specific do-not-call requirements, and telemarketing practices that threaten future harm

to Plaintiff and the putative class. Defendant's motion seeks to impose heightened evidentiary

burdens at the pleading stage and to preemptively resolve class certification issues without

discovery. Article III does not require that result, and neither Rule 12(b)(1) nor Rule 12(f)

authorizes it. Because Plaintiff has adequately alleged standing to seek injunctive relief and

because the Rule 23(b)(2) class allegations are not facially deficient, Defendant's Motion to

Dismiss Injunctive Relief and Motion to Strike Class Allegations should be denied in its entirety.


Dated: January 20, 2026


PLAINTIFF,
By his attorney

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com