IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY ROY, on behalf of himself and others Similarly situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 3:25-cv-03278-S |
| HAYES FAMILY ENTERPRISES LLC d/b/a GECKO GREEN LAWN CARE, | § § § § | |
| *Defendant*. | § § | |

**REPLY BRIEF IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS INJUNCTIVE RELIEF CLAIM,
and MOTION TO STRIKE RULE 23(b)(2) CLASS ALLEGATIONS**

COMES NOW, Defendant Hayes Family Enterprises, LLC (dba Gecko Green Lawn Care) ("Defendant" or "Gecko Green"), and respectfully files this Reply in Further Support of Defendant's Motion to Dismiss and supporting Brief [Dkts. 11 & 12], and in reply to Plaintiff's Response to same [Dkt. 13]:

Plaintiff's canned response to the Motion wholly fails to address his lack of standing to bring an injunctive relief claim. Instead, Plaintiff relies on inapposite cases: (1) where standing was not at issue; (2) discussing the mootness doctrine; (3) where injunctive relief was not sought; or (4) which erroneously rely on the presence of class allegations as a substitute for Plaintiff demonstrating he has standing in his own right. None of these authorities save Plaintiff's injunctive relief from dismissal under Rule 12(b)(1), or his Rule 23(b)(2) class allegations from being stricken.

Nor does Plaintiff's attempt to shift the pleading burden to Defendant to affirmatively state

1

it will not call Plaintiff in the future—a representation which, although true, the Court cannot consider under the standard of review applicable to Defendant's Motion—save his injunctive relief claims. It was Plaintiff's burden to allege facts: (1) "from which it appears there is a substantial likelihood that he will suffer injury in the future"; (2) demonstrating "a substantial and continuing controversy between two adverse parties"; (3) "from which the continuation of the dispute may be reasonably inferred"; and (4) showing the controversy is "real and immediate, . . . creat[ing] a definite, rather than speculative threat of future injury". Dkt. 12 (MTD Brief at 3-4 (citing cases)). Because Plaintiff's Response fails to show his Complaint alleges such facts, Defendant's Motion to Dismiss should be granted.

### A.     Plaintiff Failed to Allege Facts Establishing Standing with Respect to his Injunctive Relief Claims.

Plaintiff does not dispute that he "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc*., 528 U.S. 167, 185 (2000) (citations omitted). He also does not (because he cannot) contend that his standing to seek statutory damages for allegedly unauthorized calls in the past is sufficient to satisfy the standing requirement for injunctive relief. *See, e.g., Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (en banc) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-03 (1983)). Yet, Plaintiff does nothing to show how the allegations in his Complaint establish standing for him to seek injunctive relief.

### 1.     Plaintiff's Cases Addressing the Availability of Preliminary Injunctive Relief are Inapposite:

Rather than address the issue of standing, Plaintiff cites cases which set forth the showing required to obtain injunctive relief where the plaintiffs' standing was already established, or was not challenged at all. *See* Dkt. 13, Resp. at 3 & 4 (citing *ITT Educ. Servs., Inc. v. Arce*, 533 F.3d

2

342, 347 (5th Cir. 2008), *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1576 (5th Cir. 1988), *Callier v. Texas*, 2024 U.S. Dist. LEXIS 61076, *11 (W.D. Tex. Apr. 2, 2024), and *Owens-Benniefield v. Nationstar Mortg. LLC*, 258 F. Supp. 3d 1300, 1314-15 (M.D. Fla. 2017)).[1]  For example, *Arce* was a post-trial appeal of an order granting permanent injunctive relief.  Similarly, *Tanglewood, Callier* and *Owens-Benniefield* all involved challenges under Rule 12(b)(6).  None of these cases addressed challenges to the plaintiff's standing.

### 2. The "Mootness Exception" Does Not Apply:

Similarly inapposite are cases dealing with the "mootness exception" to standing.  *See, e.g.*, Dkt. at 13, Resp. at 4 (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008) and *Snyder v. Ocwen Loan Servicing, LLC*, 258 F. Supp. 3d 893, 900-01 (N.D. Ill. 2017)).  As stated in *Johnson*:

> A properly certified class action can proceed even if the named plaintiff's claims are rendered moot.  However, a representative's claim must at least be live when he files the case. The question here is whether [Plaintiff] had standing to seek an injunction at the start of this case, not whether his claim is moot.

*Johnson v. ACA Helpline, LLC*, No. 3:24cv663 DRL-SJF, 2025 U.S. Dist. LEXIS 14760, at *5 (N.D. Ind. 2025) (internal citations and quotations omitted).  Because Plaintiff has failed to allege facts showing he had standing to assert his injunctive relief claims *at the time suit was filed*, the "mootness exception" does not apply to this case.

### 3. The Availability of Injunctive Relief under the TCPA Does Not Mean Plaintiff has Standing to Pursue such Relief:

The mere fact injunctive relief is available under the TCPA in no way abrogates Plaintiff's burden of alleging facts showing he, individually, has standing to seek such relief.  *See Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) ("Congress may, by legislation, expand

---

[1] *See also id.* at 5 (citing *Wijesinha v. Bluegreen Vacations Unlimited, Inc*., No. 19-20073-CIV, 2019 U.S. Dist. LEXIS 57136, at *7-11 (S.D. Fla. Apr. 3, 2019) (addressing the plaintiff's standing to pursue a statutory damages claim, not an injunctive relief claim).

standing to the full extent permitted by Art. III . . . In no event, however, may Congress abrogate the Art. III minima: A plaintiff must always have suffered 'a distinct and palpable injury to himself,' that is likely to be redressed if the requested relief is granted." (citations omitted)). Plaintiff has not alleged a substantial likelihood of definite or immediate future injury from any continuing controversy. *See* Dkt. 12 (MTD Brief at 3-4, citing *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). All the Complaint offers is a "speculative threat of future injury" which did not materialize in the almost six months between Defendant's last alleged call to Plaintiff and the filing of the Complaint, and has not materialized since then.

    **4.     Neither Individual, nor Class-Wide Discovery is Necessary:**

It is also no answer to say that Plaintiff has had no opportunity to take discovery. Dkt. 13 (Resp. at 4). The facts necessary for Plaintiff to make a viable standing allegation supporting his claim for injunctive relief, if they existed, would be within Plaintiff's personal knowledge. No discovery is required for him to include those facts in his Complaint.

Moreover, Plaintiff must establish his own, individual standing before he can sue either on behalf of himself, or on behalf of a putative injunctive relief class. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" (citations omitted)). Plaintiff's class allegations cannot supply support for his defective allegations of individual standing, and therefore, discovery related to them is unnecessary to the decision on Defendant's Motion.

    **5.     Standing is Separate from whether Plaintiff has Stated a Claim:**

It is true that no injunctive relief is available if the cause of action allowing for injunctive

relief is dismissed. However, as established in Defendant's opening Brief, numerous courts around the country (many adjudicating cases in which Plaintiff's counsel has been involved, but which Plaintiff fails to address), have dismissed TCPA injunctive relief claims for lack of standing . . . without dismissing the plaintiff's TCPA statutory damage claims. *See* Dkt. 12 (Brief at 4-5). Thus, contrary to Plaintiff's assertion, it ***does not follow*** that courts will only dismiss a complaint's request for injunctive relief if they have also dismissed the underlying claim on which such requested relief is based. *See* Dkt. 13 (Resp. at 7).

      **6.**      **Plaintiff's Remaining Authorities Do Not Support Standing:**

The only potentially on-point cases cited by Plaintiff are *Atkinson v. Choice Home Warranty*, No. 22-cv-04464, 2023 U.S. Dist. LEXIS 5570 *17-20 (D. N.J., Jan. 11, 2023), *Griffith v. ContextMedia, Inc.*, 235 F. Supp. 3d 1032, 1034-35 (N.D. Ill. 2016), and *Burke v. Credit One Bank, N.A.*, No. 8:18-cv-00728-EAK-TGW, 2019 U.S. Dist. LEXIS 62770, at *11-12 (M.D. Fla. Feb. 5, 2019). However, these cases also do not carry the day for Plaintiff.

As an initial matter, both *Griffith* and *Burke* improperly rely on the presence of class allegations as a substitute for the named plaintiff establishing standing in their own right.[2] With all due respect to the Courts that decided those cases, such a finding is contrary to precedent both from the U.S. Supreme Court and in the Fifth Circuit. *See*, *e.g.*, *Lewis*, 518 U.S. at 357; *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003); *Sampson v. Corr. Corp. of Am.*, No. 08-CV-0915, 2009 U.S. Dist. LEXIS 125261, at *28 (W.D. La. 2009). Plaintiff cannot rely on allegations regarding absent class members to satisfy the requirements of establishing his own,

---

[2] *Burke* is also distinguishable because it relies heavily on *Snyder*, a "mootness" case (i.e., one in which the named plaintiff indisputably had standing to pursue injunctive relief at the time the case was filed, but that claim became moot during the pendency of the case). *See Snyder*, 258 F. Supp. 3d at 901 ("Plaintiffs here have met this exception to the mootness doctrine. At the time that Mansanarez joined this lawsuit, she possessed a live claim for prospective injunctive relief.").

individual standing to seek injunctive relief.

*Atkinson* is also distinguishable.  <u>First</u>, the decision is out of step with the majority of Courts that have considered the issue of standing to seek injunctive relief under the TCPA.  *See* Dkt. 12 (MTD Brief at 4-5 (collecting cases)).  Significantly, the Court in *Atkinson* does not address any of the contrary authorities cited by Defendant (or any other contrary authorities), or even cite any supporting case finding standing to assert injunctive relief under the TCPA where the plaintiff had not received a call from the defendant for months prior to filing suit.  *Atkinson* at *17-20.  *Atkinson* should be disregarded as an outlier.

<u>Second</u>, *Atkinson* is also factually distinguishable.  *Atkinson* was a National Do Not Call List ("NDNCL") case brought under 47 C.F.R. § 64.1200(c).  *Atkinson* at *1-3.  Here, Plaintiff, at most, has standing to assert a claim under 47 C.F.R. § 64.1200(d), which makes actionable telephone solicitations to those who have asked to be put on the caller's Internal Do Not Call List ("IDNCL").

Specifically, although Plaintiff alleges his phone number has been on the NDNCL since November 2021, as pointed out in Defendant's Brief, Plaintiff also alleges he became a customer of Defendant in April 2024.[3]  *See* Dkt. 12 (MTD Brief at 2, n.1).  As such, Plaintiff entered into an "established business relationship" with Defendant—a relationship which allowed Defendant to make marketing calls to Plaintiff even though his number was on the NDNCL.[4]  *Id.* An "established business relationship" based on a purchase or transaction (as is alleged by Plaintiff here) lasts for 18 months after the last transaction between the subscriber and the caller.[5]  Thus,

---

[3] *See* Dkt. 1 (Complaint, ¶ 24)

[4] *See* 47 C.F.R. § 64.1200(c) (precluding "telephone solicitations" to residential subscribers on the NDNCL); *id.* § 64.1200(f)(15) (excluding from definition of "telephone solicitations" calls to persons with whom the caller has an "established business relationship").

[5] *See id.* § 64.1200(f)(5).

any calls made to Plaintiff during the 18-month period between April 24, 2024 and October 24, 2025 (a timeframe which encompasses all the alleged calls on which Plaintiff's claims are based here)[6] would not be actionable at all under 47 C.F.R. § 64.1200(c).

Although Plaintiff does allege that in November 2024 he requested his number be placed on Defendant's IDNCL, any alleged violation of that request would be actionable under 47 C.F.R. § 64.1200(d), rather than 47 C.F.R. § 64.1200(c).  Thus, even in the unlikely event the Court were inclined to follow the outlier case of *Atkinson*, Plaintiff still has not alleged standing to pursue an injunctive relief claim under 47 C.F.R. § 64.1200(c) on behalf of himself or anyone else.

### B. Plaintiff's Rule 23(b)(2) Allegations should be Stricken:

Plaintiff's injunctive relief class allegations should be stricken under Rule 12(f) (or alternatively under Rule 23(d)(1)(D)) because he lacks Article III standing to seek injunctive relief in his own right.  Although Plaintiff asserts "Courts routinely deny similar motions where, as here, the complaint plausibly alleges conduct capable of supporting class-wide injunctive relief," (Dkt. 13 (Resp. at 8)), Plaintiff cites no such cases.

Conversely, Defendant has directed the Court to authorities supporting the elimination of Plaintiff's Rule 23(b)(2) allegations.  *See* Dkt. 12 (MTD Brief at 6, citing *Johnson*, 2025 U.S. Dist. LEXIS 14760, at *7 ("Because Mr. Johnson is unable to seek injunctive relief, mention of Rule 23(b)(2) is impertinent. The court will strike the reference.")).  Plaintiff's Rule 23(b)(2) allegations should be stricken.

### CONCLUSION

For the foregoing reasons, and those set forth in Defendant's opening Brief, Defendant Hayes Family Enterprises, LLC (dba Gecko Green Lawn Care) respectfully submits the Court

---

[6] *See* Dkt. 1 (Complaint, ¶ 29) (alleging three calls between January and July 2025).

7

should: (i) dismiss the Complaint as to all claims for injunctive relief pursuant to Fed. R. Civ. P. 12(b)(1); and (ii) strike Plaintiff's Fed. R. Civ. P. 23(b)(2) class allegations from the Complaint pursuant to Fed. R. Civ. P. 12(f) (or alternatively, Fed. R. Civ. P. 23(d)(1)(D)).

    Respectfully submitted,

/s/ *David W. Dodge*
David W. Dodge, P.C.
State Bar No. 24002000
ddodge@gpmz-law.com
Charles C. Frederiksen
State Bar No. 07413300
cfrederiksen@gpmz-law.com
GLAST PHILLIPS MURRAY ZOPOLSKY, P.C.
14901 Quorum Drive, Suite 300
Dallas, TX 75254-6735
972-419-8300 – Telephone
972-418-8329 – Telecopier

ATTORNEYS FOR DEFENDANT
HAYES FAMILY ENTERPRISES LLC d/b/a
GECKO GREEN LAWN CARE

### CERTIFICATE OF SERVICE

I certify that on February 9, 2026, I served a copy of the foregoing document on all counsel of record in accordance with Federal Rule of Civil Procedure 5 via the Court's ECF system.

/s/ *David W. Dodge*
David W. Dodge