IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TONY ROY, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HAYES FAMILY ENTERPRISES LLC d/b/a GECKO GREEN LAWN CARE,<br><br>Defendant | Case No. 3:25-cv-03278-S |

**JOINT RULE 26(f) REPORT**

Plaintiff Tony Roy, on behalf of himself and others similarly situated ("Roy" or "Plaintiff") and Defendant Hayes Family Enterprises LLC (dba Gecko Green) ("Gecko Green" or "Defendant," and together with Plaintiff, the "Parties"), respectfully submit this Joint Status Report pursuant to Federal Rule of Civil Procedure 26(f).

**I. MEETING REQUIREMENTS**

Counsel for Plaintiff Anthony Paronich and Sharron Campbell, and counsel for Defendant, David W. Dodge, conferred about the contents of this report on February 12, 2026.

**II. REPORT REQUIREMENTS**

**1. A brief statement of the nature of the case, including the contentions of the parties:**

PLAINTIFF:

This is a putative class action arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and its implementing regulations, 47 C.F.R. § 64.1200(c) and (d). Plaintiff alleges that Defendant initiated repeated telemarketing calls to Plaintiff and other consumers whose telephone numbers were listed on the National Do Not Call Registry ("NDNC"), and to individuals who had previously requested that Defendant cease calling them.

Plaintiff's telephone number has been listed on the National Do Not Call Registry since November 2021 and was used exclusively for personal and residential purposes. After Plaintiff briefly used Defendant's services in early 2024 and terminated those services on April 24, 2024, Defendant continued to place telemarketing calls to Plaintiff. Plaintiff made multiple verbal requests—including at least one in November 2024—that Defendant stop calling him and advised Defendant that his number was on the National Do Not Call Registry. Despite these requests, Defendant continued to place telemarketing calls to Plaintiff, including calls on January 8, 2025, June 11, 2025, and July 7, 2025.

Plaintiff denies that Defendant is entitled to summary judgment on his individual claims. Plaintiff contends that genuine disputes of material fact exist regarding (1) whether Defendant's calls constituted "telephone solicitations" under the TCPA; (2) whether any alleged "established business relationship" had expired at the time of the calls at issue; (3) whether Plaintiff effectively revoked consent and/or requested placement on Defendant's internal do-not-call list; and (4) whether Defendant maintained and implemented policies reasonably designed to prevent unlawful telemarketing calls. Plaintiff further contends that resolution of these issues will require discovery and that Defendant's proposed attempt to resolve the case prior to class discovery is premature and inefficient.

DEFENDANT:

Defendant respectfully requests that summary judgment as to Plaintiff's individual claims be decided prior to the parties incurring the expense of class discovery and class certification briefing. If Defendant's individual claims are not viable as a matter of law, he can neither represent himself nor any putative class in this case.

Gecko Green is a local, family-owned, lawn-care and pest-control services company. Gecko Green does not make telephone solicitation calls to any residential phone subscriber that has not first expressed interest in obtaining information about Gecko Green's services (e.g., via an inquiry through Gecko Green's website, or in response to direct mail, door-to-door, or radio solicitations). As such, Plaintiff cannot prove Gecko Green initiated a "telephone solicitation" to him or the putative members of the putative National Do Not Call List class. This is so because to establish a "telephone solicitation" in violation of 64 CFR § 1200(c), Plaintiff must show the absence of an "established business relationship"[1] with the residential phone subscriber who was called.[2]

The actual facts relative to Plaintiff's individual claims illustrate that he cannot make such a showing for himself. Specifically, in Gecko Green's proposed summary judgment motion, it will present evidence that:

1. Plaintiff made an inquiry regarding Gecko Green's services on August 11, 2023;

2. Plaintiff signed up for Gecko Green's services on November 9, 2023;

PAGE 2 of 10

---

[1] *See* 64 CFR § 64.1200(f)(5) (definition of "established business relationship," including 3-month safe harbor period for calls to those who have inquired about Gecko Green's services, and 18-month safe harbor for Gecko Green former customers like Plaintiff).

[2] *Id.*, § 64.1200(f)(15) (definition of "telephone solicitation" which "does not include a call or message: . . . (ii) To any person with whom the caller has an established business relationship . . . ").

   3. Plaintiff was a Gecko Green customer from that date until April 24, 2024;

   4. Although Plaintiff alleges he made a request to be placed on Gecko Green's internal Do Not Call List in November of 2024, Gecko Green has no record of any call to or from Plaintiff during that month;

   5. Gecko Green put Plaintiff on its Internal Do Not Call List on July 15, 2025; and

   6. Plaintiff does not allege Gecko Green made any calls to Plaintiff after July 7, 2025, nor does Gecko Green have any record of calls to Plaintiff after that date.

Because all of the calls Plaintiff alleges he received occurred during the "established business relationship" period, these facts, if proven, demonstrate Gecko Green did not make an "telephone solicitation" to Plaintiff in violation of 64 CFR § 1200(c).

Likewise, unless Plaintiff can create a question of fact as to whether he made a request to be put on Defendant's Internal Do Not Call List prior to June 20, 2025,[3] the foregoing facts would also preclude Plaintiff's claim under 64 CFR § 1200(c). Significantly, such information should be equally within both Plaintiff's and Defendant's control.[4]

Although Defendant concedes that the class certification decision typically precedes dispositive motions, in a case such as this, where the Defendant anticipates presenting a strong case that the sole named plaintiff has no cause of action whatsoever as a matter of law, judicial efficiency demands that the Court consider resolving the dispositive challenges to the Plaintiff's individual claims before the parties are required to go to the expense of class certification discovery, experts, and briefing.

   **2.    Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed:**

There are no objections to venue. *Defendant's Motion to Dismiss Injunctive Relief Claim and Motion to Strike Rule 23(b)(2) Class Allegations* challenges Plaintiff's standing to assert injunctive relief claims, and is therefore considered a challenge to the Court's jurisdiction to hear those claims.

   **3.    Any pending motions:**

*Defendant's Motion to Dismiss Injunctive Relief Claim and Motion to Strike Rule 23(b)(2) Class Allegations* is fully briefed and pending before the Court. *See* Dkts. 11, 12, 13 & 20. Should

---

[3] *See id.*, § 64.1200(d)(3) (requiring requests to be placed on internal do not call lists to be honored within 10 business days of receipt). June 20, 2025 is ten business days before July 7, 2025, the date of Gecko Green's last call to Plaintiff.

[4] After discussing the foregoing chronology, Plaintiff's counsel is seeking to verify the date of Plaintiff's alleged request to be put on Gecko Green's Internal Do Not Call List, but as of the date of this filing, has been unable to do so.

the Court allow an early dispositive motion, Defendant is prepared to withdraw its Motion to Dismiss and add the requested dismissal of Plaintiff's injunctive relief claims to Defendant's proposed Motion for Summary Judgment.

**4.     Any matters which require a conference with the Court:**

During the Rule 16 Scheduling Conference, which is set for 1:00 p.m. on Wednesday, February 24, 2026, the Parties would appreciate the Court's guidance on its willingness to consider a dispositive motion with respect to Plaintiff's individual claims prior to taking up the issue of class certification, and if so, any appropriate limits on the scope of discovery prior to the Court's decision on such dispositive motion.

**5.     Likelihood that other parties will be joined or the pleadings amended:**

PLAINTIFF:

Unless the Plaintiff learns of a third party that physically placed the calls, the Plaintiff does not anticipate amending.

DEFENDANT:

Defendant will file responsive pleadings to any amendments made to Plaintiff's Complaint, but there are no such third parties that placed calls on Defendant's behalf. Defendant does not anticipate joining any third parties.

**6.     (a) An estimate of the time needed for discovery, with reasons:**

PLAINTIFF:

Plaintiff's proposed schedule, which does not contemplate an early dispositive motion or any related limitations on discovery, calls for approximately 11 months of discovery, starting from the February 12, 2026 Rule 26(f) conference and ending on January 15, 2027. *See* Exhibit "A"

DEFENDANT:

Defendant's proposed schedule, which contemplates limited discovery prior to the Court's an early dispositive motion or any related limitations on discovery, calls for approximately 13 months of discovery, starting from the February 12, 2026 Rule 26(f) conference and ending on March 15, 2027. *Id.*

The primary differences in the Parties' proposed schedules arise from: (1) Defendants' proposal that it be allowed an early dispositive motion as to Plaintiff's individual claims, and associated limits on the scope of discovery; and (2) the inclusion of a briefing schedule for Plaintiff's anticipated Motion for Class Certification in Defendant's proposed schedule.

**(b) A specification of the subjects on which discovery may be needed:**

PLAINTIFF:

Plaintiff seeks discovery regarding Defendant's policies and procedures relating to telemarketing, its policies concerning compliance with the TCPA and FCC regulations, its written internal do-not-call policies required under 47 C.F.R. § 64.1200(d), and the training materials provided to employees or agents concerning do-not-call compliance and TCPA obligations. Plaintiff also will seek discovery regarding Defendant's procedures for scrubbing call lists against the National Do Not Call Registry, any vendor relationships related to list management or dialing services, records reflecting Defendant's subscription to and use of the National Do Not Call Registry, and any audits, compliance reviews, or internal assessments concerning adherence to do-not-call requirements. As to Defendant's asserted established business relationship and consent defenses, Plaintiff seeks discovery concerning documents and data supporting Defendant's position, the duration and scope of any alleged established business relationship, policies governing the expiration of such relationships, and records reflecting any alleged consent and any purported revocation of consent. Concerning class certification issues, Plaintiff seeks largely the same discovery regarding the number of individuals called whose numbers were listed on the National Do Not Call Registry, the number of individuals who made internal do-not-call requests but nevertheless received additional calls, the uniformity of Defendant's telemarketing practices, and evidence relevant to commonality, predominance, superiority, and ascertainability under Rule 23.

DEFENDANT:

Defendant does not anticipate needing any discovery to make an early dispositive motion, under the summary judgment briefing schedule for such motion. Should an early dispositive motion not be allowed, or be denied, Defendant anticipates taking discovery on the following topics (depending on the scope of any ruling on any early motion for summary judgment that is allowed):

a) Plaintiff's business relationship with Defendant;
b) Plaintiff's communications with Defendant;
c) The devices Plaintiff has used to make telephone calls during the alleged class periods;
d) Whether such devices have been used exclusively used by Plaintiff and/or for non-residential purposes during the alleged class periods;
e) Plaintiff's alleged request to be put on the National Do Not Call List;
f) Plaintiff's alleged request to be put on Defendant's Internal Do Not Call List;
g) Plaintiff's employment and educational history;
h) Plaintiff's involvement in other litigation;
i) Plaintiff's allegations related to willful violation of the TCPA;
j) The allegations in Plaintiff's live pleading.

**(c) Whether discovery should be conducted in phases or be limited to or focused upon particular issues:**

PLAINTIFF:

Plaintiff opposes bifurcation and submits that discovery should proceed in the ordinary course on both class and merits issues. Discovery relevant to commonality and typicality under Rule 23 will necessarily overlap with the merits. As the Supreme Court has explained, class certification analysis

frequently "entail[s] overlap with the merits." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013). While rejecting a substantially similar bifurcation request from a TCPA class action Judge Horan held:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).
>
> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).
>
> Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).
>
> In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.
>
> Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).
>
> And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3

> (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").
>
> And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). This Court should do the same because bifurcation here would not promote the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Because the same discovery—Defendant's dialing systems, consent procedures and compliance policies—bears simultaneously on liability and Rule 23 requirements, bifurcation would require artificial line-drawing and likely motion practice over what constitutes "individual" versus "class" discovery. That approach would increase costs and delay resolution rather than streamline it.

Defendant's effort to distinguish *Bond* on the ground that it involved "robocalls" rather than an asserted "established business relationship" misses the point. The court's reasoning in *Folsom* did not turn on the specific TCPA subsection at issue, but on the practical reality that discovery relevant to an individual plaintiff's claims substantially overlaps with discovery necessary to evaluate Rule 23 requirements. That same overlap exists here. Defendant's telemarketing practices, its policies regarding tracking and expiration of customer relationships, its procedures for recording revocations and do-not-call requests, and its compliance systems—that necessarily bear on both Plaintiff's individual claims and the claims of the putative classes. Whether framed as a robocall case or a do-not-call case, the central inquiry remains whether Defendant employed common practices affecting all potential class members. *Folsom* rejected bifurcation because drawing artificial lines between merits and class discovery would create inefficiency and unnecessary disputes. That reasoning applies with equal force here, and Defendant's attempt to recast this case as uniquely suited for bifurcation is unpersuasive.

DEFENDANT:

As set forth above, Defendant contends that it should be allowed to make an early dispositive motion as to Plaintiff's individual claims, and that prior to the Court's decision on that motion, discovery should be limited to what is necessary for the Court to make that decision. Given that the key issue on such motion is likely to be whether Plaintiff can raise an issue of fact as to whether he requested to be put on Gecko Green's Internal Do Not Call list prior to June 20, 2025—evidence, which, if it exists, is at least equally as available from Plaintiff as from Defendant.

*Bond v. Folsom Ins. Agency LLC*, is distinguishable, as it was a "Robocall" case that did not involve the existence of an undisputed established business relationship. No. 3:24-cv-2551-L-BN, 2025 U.S. Dist. LEXIS 49937, at *2 (N.D. Tex. 2025). Moreover, Defendant's proposed schedule provides ample time for class-wide discovery after an anticipated ruling on Defendant's proposed Motion for Summary Judgment and prior to the proposed date for Plaintiff's Motion for Class Certification.

7. **Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced:**

The Parties agree they have the option of producing documents that are difficult or impossible to produce in .pdf format (e.g., videos, spreadsheets, etc.) in native format, but otherwise agree to produce documents in bates labeled .pdf format, reserving the right to request native versions of particular documents (with or without metadata intact) after review of the .pdf versions. Documents produced in .pdf format will be by individual document and not by group .pdf file to the extent possible.

Although Defendant has taken reasonable and necessary steps to preserve ESI and other records from alteration or destruction since being served with Plaintiff's Complaint, some categories of information from the early portions of the alleged class period(s) that will likely be the subject of discovery in this case no longer exist due to changes in Defendant's computer software and hardware vendors, and the disposal of documents and information in the ordinary course of Defendant's business.

8. **Any issues relating to claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether they will be asking the Court to include their agreement in an order:**

The Parties have included a procedure regarding claims of privilege or work-product in an Agreed Protective Order that the Parties are prepared to present to the Court for review and entry.

9. **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed:**

Please see the Parties' responses in Section 6(c).

10. **Any other orders that should be entered by the Court under Rule 26(c) or 16(b) and (c):**

The Parties anticipate presenting the Court with an Agreed Protective Order and joint motion for entry of same prior to the February 25, 2026 Scheduling Conference.

11. **Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2):**

Please see Exhibit "A", attached, which reflects the Parties' areas of agreement and disagreement with respect to the scheduling order.

**12.     Requested trial date, estimated length of trial, and whether jury has been demanded:**

A jury has been demanded by Plaintiff.  At present, the Parties anticipate the trial of this case will take five business days.

**13.     Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. §636(c):**

The Parties do not consent to trial before a Magistrate Judge.

**14.     Progress made toward settlement, and the present status of settlement negotiations:**

The Parties have not, to date, had substantive settlement discussions.

**15.     What form of alternative dispute resolution (e.g. mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and *when* it would be most effective:**

The Parties have agreed to use John Shipp as a mediator.  The deadline for mediation will depend on the Court's resolution of the Parties' competing scheduling proposals.

**16.     Any other matters relevant to the status and disposition of this case:**

None.

**17.     Deadline for Initial Disclosures:**

Plaintiff has made his Initial Disclosures.  Defendant will make its Initial Disclosures by February 26, 2026.

Dated:  February 20, 2026.

Respectfully submitted,

| | |
|---|---|
| */s/ David W. Dodge* <br> David W. Dodge <br> State Bar No. 24002000 <br> ddodge@gpmz-law.com <br> Charles C. Frederiksen <br> State Bar No. 07413300 <br> cfrederiksen@gpmz-law.com <br> GLAST PHILLIPS MURRAY ZOPOLSKY, P.C. <br> 14901 Quorum Drive, Suite 300 <br> Dallas, TX 75254-6735 <br> 972-419-8300 – Telephone <br> 972-418-8329 – Telecopier <br><br> **COUNSEL FOR DEFENDANT** | */s/ Sharon Campbell* . <br> Sharon Campbell (SBN # 03717600) <br> 3300 Oak Lawn Ave., Suite 425 <br> Dallas, Texas 75219 <br> Telephone: (214) 351-3260 <br> Fax: (214) 748-7778 <br> sharon@sharonkcampbell.com <br><br> Cassandra P. Miller (pro hac vice) <br> STRAUSS BORRELLI PLLC <br> One Magnificent Mile <br> 980 N Michigan Avenue, Suite 1610 <br> Chicago IL, 60611 <br> Telephone: (872) 263-1100 <br> Facsimile: (872) 263-1109 <br> sam@straussborrelli.com <br><br> Anthony Paronich (pro hac vice forthcoming) <br> PARONICH LAW, P.C. <br> 350 Lincoln St., Suite 2400 <br> Hingham, MA 02043 <br> Telephone: (617) 485-0018 <br> anthony@paronichlaw.com <br><br> **COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASSES** |

## CERTIFICATE OF SERVICE

     I hereby certify that on February 20, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                       */s/ David W. Dodge*
                                       David W. Dodge

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TONY ROY, on behalf of himself and others similarly situated,<br><br>              Plaintiff,<br><br>  v.<br><br>HAYES FAMILY ENTERPRISES LLC d/b/a GECKO GREEN LAWN CARE,<br><br>              Defendant | Case No. 3:25-cv-03278-S |

## [PROPOSED] SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("FRCP"), the Local Civil Rules of the United States District Court for the Northern District of Texas ("LR"), and the Civil Justice Expense and Delay Reduction Plan of the United States District Court for the Northern District of Texas, the Court **ORDERS** as follows:

      1.     This case is set for jury trial on the Court's three-week docket beginning **August 23, 2027** ("Trial Setting"). Trial may commence any time during this three-week docket. If the case is not reached at this setting, it will be reset after considering input from the parties. Reset or continuance of the Trial Setting does not alter the deadlines in this Order unless expressly provided by court order.

      2.     The parties shall mediate this case before John Shipp ("Mediator") at least 90 days before the Trial Setting. The parties may not eliminate this requirement or substitute the Mediator except by leave of court. All parties must attend the mediation in person or by videoconference, as directed by the Mediator. Legal entities must provide a representative with full authority. If there

is insurance involved, a representative with full authority must attend. The Mediator shall contact the Court directly if this deadline needs to be extended or if other requirements need to be altered.

    3.    The parties may by written agreement alter the deadlines in this paragraph without the need for court order. Deadlines are as follows:

**Plaintiff's Position**

| | | |
|---|---|---|
| a. September 2, 2026 | – | Disclosure of experts for the party with burden of proof; |
| b. November 4, 2026 | – | Disclosure of opposing experts; |
| c. November 25, 2026 | – | Disclosure of rebuttal experts; |
| d. January 15, 2027 | – | Discovery closes; discovery requests must be commenced in time to permit response by this date. |

**Defendant's Position**

| | | |
|---|---|---|
| a. March 11, 2026 | - | Defendant's Motion for Summary Judgment on Plaintiff's Individual Claims |
| b. April 1, 2026 | - | Plaintiff's Response to Defendant's Motion for Summary Judgment |
| c. April 15, 2026 | - | Defendant's Summary Judgment Reply |
| d. October 16, 2026 | – | Disclosure of experts for the party with burden of proof; |
| e. October 16, 2026 | - | Plaintiff's Motion for Class Certification |
| f. December 1, 2026 | – | Disclosure of opposing experts; |
| g. December 1, 2026 | - | Defendant's Response to Motion for Class Certification |
| h. December 18, 2026 | – | Disclosure of rebuttal experts; |
| i. December 18, 2026 | - | Plaintiff's Class Certification Reply |

       j. March 15, 2027    – Discovery closes; discovery requests must be commenced in time to permit response by this date.

4.     All dispositive motions, including any objections to expert testimony, must be filed by **April 15, 2027**. Parties may not alter this deadline by agreement.

5.     A motion or objection to the taking of a deposition that is filed within five business days of the notice has the effect of staying the deposition pending court order on the motion or objection; otherwise, the deposition will not be stayed except by court order.

6.     The parties shall file all pretrial materials 21 days before the Trial Setting. Failure to timely file pretrial materials may result in dismissal for want of prosecution. Pretrial materials shall include the following:

    a.     Pretrial order pursuant to LR 16.4;

    b.     Exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and FRCP 26(a)(3). Witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area) and the likelihood of testimony at trial. Exhibit lists must include any materials to be shown to the jury, including demonstrative aids;

    c.     Proposed jury charge or proposed findings of fact and conclusions of law. Such documents shall be both e-filed and emailed in "Word" format to Scholer_Orders@txnd.uscourts.gov. Any objections to the proposed jury charge shall be filed no later than five days before the final pretrial conference. Objections not so disclosed are waived unless excused by the Court for good cause;

    d.     Motions in limine;

    e.     Requested voir dire questions.

7.     The pretrial conference shall be held on **August 16, 2027, at 1:30 p.m.** Lead counsel must attend. The parties shall be prepared to address all exhibits, witnesses, deposition excerpts, motions in limine, trial briefs, requested voir dire questions, and any objections to such

filings. The Court expects the parties to have conferred and to reach agreement where possible prior to the final pretrial conference.

      8.      Continuance of the Trial Setting, dispositive motions deadline, and/or the final pretrial conference requires leave of court with a showing of good cause. Motions may become moot due to trial if filed after the deadlines in this Order.

**SO ORDERED.**

      SIGNED _____, 2026.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**

4