IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY ROY, on behalf of himself and others Similarly situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 3:25-cv-03278-S |
| HAYES FAMILY ENTERPRISES LLC d/b/a GECKO GREEN LAWN CARE, | § § § | |
| *Defendant.* | § § | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Hayes Family Enterprises LLC (dba Gecko Green Lawn Care) (hereinafter referred to as "Gecko Green" or "Defendant"), files this, its Answer and Defenses to Plaintiff's Class Action Complaint (Dkt. 1) (the "Complaint"):

## I.  PRELIMINARY STATEMENT

Gecko Green responds to the Complaint based on the current information available to it and after a reasonable investigation. Gecko Green reserves the right to amend this Answer and Defenses based on information made available through discovery or further investigation.

## II.  RESPONSE TO COMPLAINT

1.      Telemarketing calls are intrusive. "A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,'

*id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

1.      **The allegations in Paragraph 1 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied.**

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…[P]rivate suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer,* 925 F.3d at 649-50.

2.      **The allegations in Paragraph 1 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied.**

3.      Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Hayes Family Enterprises, LLC d/b/a Gecko Green Lawn Care ("Defendant") violated the TCPA by sending multiple telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as sending such calls to people who had previously asked to no longer receive them.

3.      **Defendant admits that Plaintiff's causes of action are based on alleged violations of the TCPA, and that Plaintiff purports to sue on behalf of himself and the members of the putative classes described in the Complaint. Defendant denies that Plaintiff is entitled to any recovery or has a viable cause of action under the TCPA, and further denies that the putative classes alleged in the Complaint meet the requirements for class certification in Federal Rule of Civil Procedure 23.**

## PARTIES

4.      Plaintiff is an individual residing in Texas.

**4.      Defendant admits allegations in Paragraph 4 of the Complaint.**

5.      Defendant is a limited liability company headquartered in Irving, Dallas County, Texas.

**5.      Defendant admits allegations in Paragraph 5 of the Complaint.**

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

**6.      Defendant admits allegations in Paragraph 6 of the Complaint, but denies Plaintiff has Article III standing to pursue injunctive relief.**

7.      This Court has general personal jurisdiction over Defendant because it is headquartered and has its principal place of business in this District.

**7.      Defendant admits allegations in Paragraph 7 of the Complaint.**

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as Defendant resides in this District and the calls were sent from this District.

**8.      Defendant admits allegations in Paragraph 8 of the Complaint.**

## BACKGROUND

**A.      The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9.      The TCPA prohibits sending multiple telemarketing calls to a residential telephone

number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**9.      The allegations in Paragraph 9 of the Complaint are legal conclusions to which no response is required.**

10.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**10.      The allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required.**

11.      A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**11.      The allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required.**

12.      The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that sends those solicitations, or "on whose behalf" such solicitations are sent. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**12.      The allegations in Paragraph 12 of the Complaint are legal conclusions to which no response is required.**

**B.    The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

13.      The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

4

13.     **The allegations in Paragraph 13 of the Complaint are legal conclusions to which no response is required.**

14.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

14.     **The allegations in Paragraph 14 of the Complaint are legal conclusions to which no response is required.**

15.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

15.     **The allegations in Paragraph 15 of the Complaint are legal conclusions to which no response is required.**

16.     These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

16.     **The allegations in Paragraph 16 of the Complaint are legal conclusions to which no response is required.**

17.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

17.     **The allegations in Paragraph 17 of the Complaint are legal conclusions to which no response is required.**

18.     This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or

entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

18.     **The allegations in Paragraph 18 of the Complaint are legal conclusions to which no response is required.**

<u>**FACTUAL ALLEGATIONS**</u>

19.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19.     **The allegations in Paragraph 19 of the Complaint are legal conclusions to which no response is required.**

20.     Plaintiff's telephone number is (817) 807-XXXX.

20.     **Defendant admits that the first six digits of Plaintiff's phone number in its records match the first six digits alleged in Paragraph 20 of the Complaint.**

21.     Plaintiff's telephone number, (817) 807-XXXX, has been on the National Do Not Call Registry since November 2021.

21.     **Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint, therefore those allegations are denied.**

22.     Plaintiff has never removed his number from the National Do Not Call Registry.

22.     **Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint, therefore those allegations are denied.**

23.     Plaintiff's telephone number, (817) 807-XXXX, was used to place and receive calls exclusively for personal, residential, and household purposes.

23.     **Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint, therefore those allegations are denied.**

24.     Plaintiff tried Defendant's lawn care services briefly around April 2024 and stopped

using the service on April 24, 2024.

**24.        Defendant denies the allegations in Paragraph 24 of the Complaint, other than the fact that Plaintiff stopped using Defendant's services on April 24, 2024 after receiving services from Defendant on that day.**

25.        Despite the fact Plaintiff was no longer interested in Defendant's services and ceased using Defendant's services, Defendant continued to harass Plaintiff via unsolicited telephone calls.

**25.        Defendant admits that it made calls to Plaintiff after April 24, 2024, but denies that the calls were harassing or constituted "telephone solicitations" under the TCPA or associated regulations, and denies that it made any further calls to Plaintiff after he asked to be placed on Defendant's internal do-not-call list on July 7, 2025. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff answered any such calls other than the July 7, 2025 call, therefore Defendant denies Plaintiff answered any such calls. All other allegations in Paragraph 25 of the Complaint are denied.**

26.        Plaintiff made multiple verbal do-not-call requests to Defendant, including at least one in November 2024 and a second one thereafter.

**26.        Defendant denies the allegations in Paragraph 26 of the Complaint. Plaintiff did not ask to be placed on Defendant's internal do-not-call list until July 7, 2025, and Defendant made no calls to him after that date.**

27.        Plaintiff also informed Defendant that his number is on the Do Not Call Registry.

**27.        Defendant denies the allegations in Paragraph 27 of the Complaint.**

28.        Despite this, Plaintiff continued to receive unsolicited telemarketing calls from Defendant.

**28.        Defendant admits that it made calls to Plaintiff after April 24, 2024, but denies that the calls were harassing or constituted "telephone solicitations" under the TCPA or associated**

regulations, and denies that it made any further calls to Plaintiff after he asked to be placed on Defendant's internal do-not-call list on July 7, 2025. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff answered any such calls other than the July 7, 2025 call, therefore Defendant denies Plaintiff answered any such calls. All other allegations in Paragraph 28 of the Complaint are denied.

29.    For example, after his verbal do-not-call requests, Plaintiff received at least the following calls from Defendant:

   a.   On January 8, 2025, at 12:08 p.m. from caller ID "Gecko Green" at (469) 416-8201;

   b.   On June 11, 2025, at 6:25 p.m. from the number (214) 930-5880; and

   c.   On July 7, 2025, at 4:59 p.m. from the number (214) 930-5880.

**29.    Defendant admits that it made calls to Plaintiff on the dates and times alleged in Paragraph 29, but lacks information sufficient to admit or deny whether Plaintiff answered such calls, and further denies such calls constituted "telephone solicitations" under the TCPA or its associated regulations. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff answered any such calls other than the July 7, 2025 call, therefore Defendant denies Plaintiff answered any such calls. All other allegations in Paragraph 29 of the Complaint are denied.**

30.    Defendant's telephone calls and voicemails to Plaintiff were made for the purpose of marketing Defendant's lawn care services and were part of a strategy to convert Plaintiff back into an active customer.

**30.    Defendant admits that it made calls to Plaintiff after April 24, 2024 for the purpose of winning back Plaintiff's business, but denies that the calls constituted "telephone solicitations" under the TCPA or associated regulations, and denies that it made any further calls to Plaintiff after he asked to be placed on Defendant's internal do-not-call list on July 7, 2025. Defendant is**

without knowledge or information sufficient to admit or deny whether Plaintiff answered any such calls other than the July 7, 2025 call, or whether voicemails were left for Plaintiff, therefore Defendant denies such allegations.  All other allegations in Paragraph 30 of the Complaint are denied.

31.     Plaintiff is not alone in receiving spam calls from Defendant, as many other individuals have also received spam calls as evidenced by Defendant's online reviews.[1] The below are a just a few screenshots from that page:



---

[1]     *See   Gecko   Green   Lawn   Care   Google   Maps   Reviews*, GOOGLE   MAPS, https://www.google.com/maps/place/Gecko+Green/@33.0480244,-97.1284526,11z/data     (last     visited November 20, 2025).







**31.**     **Defendant denies making "spam calls" to anyone, and denies that any calls placed to those who have inquired about its services, or to former customers, constitute "telephone solicitations" under the TCPA or associated regulations or otherwise violate those provisions. To the extent the reviewer comments set forth in the screen shots in Paragraph 31 of the Complaint are meant to be substantive allegations, those allegations are denied.  All other allegations in Paragraph 31 of the Complaint are denied.**

32.     Plaintiff was called absent consent from the Defendant.

**32.     The allegations in Paragraph 32 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 32 of the Complaint.**

33.     In fact, as described above, the Plaintiff explicitly revoked any purported consent to receive calls from the Defendant.

**33.     Defendant admits that Plaintiff asked to be placed on Defendant's internal do-not-call list on July 7, 2025, and that Defendant made no further calls to Plaintiff after that date.**

**All other allegations in Paragraph 33 of the Complaint are denied.**

34.    The calls were all placed to sell Defendant's lawn care services.

**34.    Defendant admits that it made calls to Plaintiff after April 24, 2024 for the purpose of winning back Plaintiff's business, but denies that the calls constituted "telephone solicitations" under the TCPA or associated regulations, and denies that it made any further calls to Plaintiff after he asked to be placed on Defendant's internal do-not-call list on July 7, 2025.  Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff answered any such calls other than the July 7, 2025 call, therefore Defendant denies such allegations.  All other allegations in Paragraph 34 of the Complaint are denied.**

35.    The aforementioned calls to the Plaintiff were unwanted.

**35.    With regard to any call that post-dated April 24, 2024 and pre-dated July 7, 2025, Defendant is without knowledge or information to admit or deny the allegations of Paragraph 35 of the Complaint, therefore, other than the implicit allegations that: (a) Plaintiff asked to be placed on Defendant's internal do-not-call list on July 7, 2025; and (b) that Plaintiff consented to calls before April 24, 2024, the allegations in Paragraph 35 of the Complaint are denied.  Defendant is also without knowledge or information sufficient to admit or deny whether Plaintiff answered any such calls other than the July 7, 2025 call, therefore Defendant denies such allegations.  All other allegations in Paragraph 35 of the Complaint are denied.**

36.    The Defendant had the ability to immediately honor Plaintiff's do not call requests, but it did not.

**36.    Although it did, Defendant denies it had an obligation to immediately honor Plaintiff's July 7, 2025 request to be placed on Defendant's internal do-not-call list.  Defendant further denies that it failed to honor Plaintiff's do-not-call request, and denies Plaintiff made more than one such request.**

11

37.      Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

**37.      Defendant denies that Plaintiff has been harmed in any way by Defendant and denies that Plaintiff is entitled to any recovery or has a viable cause of action under the TCPA. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff answered any such calls other than the July 7, 2025 call, therefore Defendant denies such allegations. Defendant further denies that members of the putative classes are identifiable, and denies that the putative classes alleged in the Complaint meet the requirements for class certification in Federal Rule of Civil Procedure 23.  All other allegations in Paragraph 37 of the Complaint are denied.**

## CLASS ACTION ALLEGATIONS

38.      Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**38.      Defendant incorporates by reference all responses to the other paragraphs of this Answer, as if fully stated herein.**

39.      Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**39.      Defendant admits Plaintiff purports to bring this case as a class action, but denies the putative classes alleged in the Complaint meet the requirements for class certification in Federal Rule of Civil Procedure 23.  All other allegations in Paragraph 39 of the Complaint are denied.**

40.      Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National

12

Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

**Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

40.    **Defendant admits Plaintiff purports to bring this case as a class action, but denies the putative classes alleged in Paragraph 40 meet the requirements for class certification in Federal Rule of Civil Procedure 23.  All other allegations in Paragraph 40 of the Complaint are denied.**

41.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes.

41.    **Defendant denies Plaintiff is a member of either alleged class, and therefore denies he is capable of fairly and adequately representing such alleged classes.  All other allegations in Paragraph 41 of the Complaint are denied.**

42.    Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

42.    **The allegations of Paragraph 42 are legal conclusions to which no response is required.**

43.    Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that cluttered legitimate communications.

43.    **Defendant denies that Plaintiff has been harmed in any way by Defendant and**

denies that Plaintiff is entitled to any recovery or has a viable cause of action under the TCPA. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff answered any such calls other than the July 7, 2025 call, therefore Defendant denies such allegations. Defendant further denies the putative classes alleged in the Complaint meet the requirements for class certification in Federal Rule of Civil Procedure 23. All other allegations in Paragraph 43 of the Complaint are denied.

44.      This Class Action Complaint seeks injunctive relief and money damages.

**44.      Defendant admits Plaintiff seeks injunctive and monetary relief on behalf of himself and the putative classes, but denies he has standing to seek injunctive relief, denies he can recover monetary relief, and denies the putative classes alleged in the Complaint meet the requirements for class certification in Federal Rule of Civil Procedure 23. All other allegations in Paragraph 44 of the Complaint are denied.**

45.      The Classes, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

**45.      Defendant denies the allegations in Paragraph 45 of the Complaint.**

46.      Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds as the calls were sent in a generic fashion.

**46.      Defendant denies the allegations in Paragraph 46 of the Complaint.**

47.      The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**47.      Defendant denies the allegations in Paragraph 47 of the Complaint.**

48.      Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**48.**        **Defendant denies the allegations in Paragraph 48 of the Complaint.**

49.        There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**49.**        **Defendant denies the allegations in Paragraph 49 of the Complaint.**

50.        There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

        a.    Whether Defendant sent multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

        b.    Whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

        c.    Whether Defendant's conduct constitutes a violation of the TCPA; and

        d.    Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

**50.**        **Defendant denies the allegations in Paragraph 50 of the Complaint.**

51.        Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes because the Plaintiff has no interests which are antagonistic to any member of the Classes.

**51.**        **Defendant denies Plaintiff is a member of either alleged class, and therefore denies he is capable of fairly and adequately representing such alleged classes.  All other allegations in Paragraph 51 of the Complaint are denied.**

52.        Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

**52.**      The allegations in Paragraph 52 are legal conclusions to which no response is required, and/or Defendant is without sufficient knowledge or information to admit or deny the allegations in that Paragraph.  As such, those allegations are denied.

53.      Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**53.**      Defendant denies the allegations in Paragraph 53 of the Complaint.

54.      The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**54.**      The allegations in Paragraph 54 are legal conclusions to which no response is required, and/or Defendant is without sufficient knowledge or information to admit or deny the allegations in that Paragraph.  As such, those allegations are denied.

## <u>FIRST CAUSE OF ACTION</u>

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

55.      Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**55.**      Defendant incorporates by reference all responses to the other paragraphs of this Answer, as if fully stated herein.

56.      The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call

Registry.

**56.    The allegations in Paragraph 56 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.**

57.    Defendant's violations were negligent, willful, or knowing.

**57.    The allegations in Paragraph 57 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.**

58.    As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**58.    The allegations in Paragraph 58 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.**

59.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from sending telemarketing calls, including calls, to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**59.    The allegations in Paragraph 59 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.  Defendant specifically denies Plaintiff has Article III standing to pursue injunctive relief on behalf of himself of any putative class.**

### SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Registry Class)**

60.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth

herein.

**60.      Defendant incorporates by reference all responses to the other paragraphs of this Answer, as if fully stated herein.**

61.      The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**61.      The allegations in Paragraph 61 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.**

62.      Defendant's violations were negligent, willful, or knowing.

**62.      The allegations in Paragraph 62 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.**

63.      As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**63.      The allegations in Paragraph 63 are legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.**

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from sending calls soliciting the purchase of its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

18

B.          Injunctive relief prohibiting Defendant from sending calls soliciting the purchase of its goods or services, except for emergency purposes, to anyone who asked Defendant to stop;

C.          That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

D.          An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

E.          Such other relief as the Court deems just and proper.

**The allegations in the Prayer for Relief are legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief in his individual capacity, and that the putative classes alleged in the Complaint do not meet the requirements for class certification under Federal Rule of Civil Procedure 23.**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

**Plaintiff's request for a jury trial is a legal conclusion to which no response is required.**

**To the extent not expressly admitted herein, all allegations in Plaintiff's Complaint (including those in any headings) are denied by Defendant.**

## III.  DEFENSES & AFFIRMATIVE DEFENSES

Without assuming any burden of production, proof or persuasion not imposed on it by applicable law, Defendant asserts the following defenses to Plaintiff's claims. The following defenses are based on Gecko Green's knowledge, information, and belief at this time. Gecko Green reserves the right to amend and/or supplement its Answer to assert any and all pertinent defenses ascertained through further

investigation and discovery obtained in this action. Gecko Green will rely on all defenses that may become available during discovery or trial.

## FIRST DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

The Complaint and each purported cause of action asserted therein fails to plead facts sufficient to constitute a claim upon which relief may be granted.

## SECOND DEFENSE
### (Lack of Standing)

Plaintiff's and putative class members' claims are barred, in whole or in part, due to a lack of standing.

## THIRD DEFENSE
### (Established Business Relationship)

Plaintiff's and putative class members' claims are barred, in whole or in part, because they have an established business relationship with Gecko Green, as defined in 47 U.S.C. § 227(a)(4) and 47 C.F.R. § 64.1200(f)(5).

## FOURTH DEFENSE
### (Unconstitutionality)

The TCPA is unconstitutional as violative of the First Amendment of the United States Constitution, the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## FIFTH DEFENSE
### (Lack of Willfulness)

Gecko Green alleges that none of the alleged wrongful conduct was done willfully or intentionally by Gecko Green.

**SIXTH DEFENSE**
(Time-Barred)

Plaintiff's and putative class members' equitable claims are barred, in whole or in part, as time-barred under the applicable statute of limitations and/or the doctrine of laches.

**SEVENTH DEFENSE**
(Adequate Remedy at Law)

Plaintiff's and putative class members' equitable claims are barred, in whole or in part, to the extent there is an adequate remedy available at law.

**EIGHTH DEFENSE**
(Lack of Injury)

Gecko Green is informed and believes that Plaintiff has not sustained any actual injury because of the alleged violation of the TCPA. Plaintiff must sustain an injury in fact to each individual call for which Plaintiff claims a violation.

**NINTH DEFENSE**
(Class Action Requirements Not Met)

Plaintiff cannot properly bring this case as a class action under Federal Rule of Civil Procedure 23 because Plaintiff cannot satisfy its requirements. Individual questions of fact and law predominate over common questions, Plaintiff is not an adequate class representative, his claims are not typical of those belonging to the alleged class members, and other class requirements cannot be satisfied, among other reasons.

**TENTH DEFENSE**
(Not Listed on National Do-Not-Call-Registry)

Plaintiff's claims and the claims of putative class members brought under 47 U.S.C. § 227(c)(5) are barred to the extent that the residential telephone numbers of Plaintiff and the putative class members had not been listed on the national do-not-call registry thirty-one (31) days prior to the date the challenged calls were made.

**ELEVENTH DEFENSE**
(Reasonable Procedures)

Gecko Green established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations purportedly in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

**TWELFTH DEFENSE**
(No Private Right of Action Under 47 C.F.R. § 64.1200(d))

Plaintiff's claims and the claims of putative class members under 47 C.F.R. § 64.1200(d) are barred because Section 64.1200(d) is not a "regulation prescribed under" under 47 U.S.C. § 227(c)(5).

**THIRTEENTH DEFENSE**
(Calls not Answered)

Plaintiff's claims and the claims of putative class members are barred to the extent that they seek to hold Gecko Green liable for calls that were not answered.

**FOURTEENTH DEFENSE**
(Not Unsolicited Advertisements)

The claims of Plaintiff and the proposed class are barred, in whole or in part, because the telephone calls allegedly made were not unsolicited advertisements or telemarketing calls within the meaning of the TCPA.

**FIFTEENTH DEFENSE**
(Express and Implied Consent/Failure to Revoke Consent)

Plaintiff, and any putative class member, had actual, implied, and/or constructive knowledge of all acts and/or omissions alleged in the Complaint and, while conscious of those acts and/or omissions, Plaintiff and the class members gave express or implied consent to all such alleged acts and/or omissions, and failed to revoke such consent.

### SIXTEENTH DEFENSE
(Incorrect Regulatory Interpretation)

In light of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp*., 606 U.S. 146 (June 20, 2025), the Court is not bound by interpretations of the TCPA adopted by the FCC, which interpretations are central to Plaintiff's case.

### SEVENTEENTH DEFENSE
(Compliance)

Plaintiff and the proposed class members' claims are barred by Gecko Green's compliance with all applicable state, federal and local laws and regulations.

### EIGHTEENTH DEFENSE
(Equitable Defenses)

Plaintiff and the proposed class members' claims are barred, in whole or in part, by the doctrines of ratification, waiver, unclean hands, and estoppel.

### NINETEETH DEFENSE
(Lack of Knowledge)

Plaintiff's claims, fail, in whole or part, because even assuming the truth of Plaintiff's claims, Gecko Green did not know, nor should it have known, of the alleged facts and conduct asserted therein.

### TWENTIETH DEFENSE
(Bona Fide Error)

Any wrongful conduct alleged in the Complaint was unintentional, a result of bona fide error in a routine practice of compliance.

### TWENTY-FIRST DEFENSE
(Not Residential Phone Subscriber)

Plaintiff's and putative class members' claims are barred in whole or in part because mobile phones are not "residential" phone lines and/or they are not residential phone subscribers.

## TWENTY-SECOND DEFENSE
(Absence of Two Calls in 12-Month Period)

Plaintiff's and putative class members' claims are barred in whole or in part because they did not receive two "telephone solicitations" from Gecko Green within a 12-month period.

## TWENTY-THIRD DEFENSE
(Good Faith)

The Complaint, and each and every cause of action alleged therein, is barred because Gecko Green acted at all times in good faith and with good cause. Gecko Green's conduct was within the reasonable expectations of the Parties, and Gecko Green, at no time, acted so as to deprive Plaintiff of any rights or to cause Plaintiff the injuries described in the Complaint, if any exist.

## TWENTY-FOURTH DEFENSE
(No Damages)

Gecko Green alleges that any recovery based on the allegations in the Complaint will not result in the recovery of damages.

## TWENTY-FIFTH DEFENSE
(Attorneys' Fees Not Permissible)

Plaintiff, and any purported putative class member, is not entitled to recover attorneys' fees because Plaintiff, and any purported putative class member, has not set forth sufficient factual or legal basis for the recovery of attorneys' fees.  A common fund fee recovery is also unavailable under the TCPA.

## TWENTY-SIXTH DEFENSE
(No Malice or Harassing Intent)

The communications complained of by Plaintiff and any purported putative class member were made without malice or wrongful intent to harass on the part of Gecko Green.

## IV. <u>RESERVATION OF ADDITIONAL DEFENSES</u>

The Complaint does not describe the events and claims therein alleged with sufficient particularity to permit Gecko Green to determine all defenses that may exist to such events and claims. Gecko Green therefore reserves the right to assert all defenses that may pertain to the Complaint once the precise nature of such events is ascertained.

## V. <u>JURY DEMAND</u>

Gecko Green hereby makes its demand for a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Hayes Family Enterprises LLC (dba Gecko Green Lawn Care), having answered Plaintiff's Complaint and having asserted defenses, prays for a judgment in its favor as follows:

1.      For dismissal of all claims and causes of action against Gecko Green in the Complaint with prejudice;

2.      For denial of all relief requested by Plaintiff;

3.      For denial of class certification;

4.      For legal fees and costs incurred in this litigation to the extent they are available; and

5.      For such other and further relief as this Court may deem just and proper.

Date:  March 12, 2026

Respectfully submitted,

/s/ *David W. Dodge*
David W. Dodge, P.C.
State Bar No. 24002000
ddodge@gpmz-law.com
Charles C. Frederiksen
State Bar No. 07413300
cfrederiksen@gpmz-law.com
GLAST PHILLIPS MURRAY ZOPOLSKY, P.C.
14901 Quorum Drive, Suite 300
Dallas, TX 75254-6735
972-419-8300 – Telephone
972-418-8329 – Telecopier

ATTORNEYS FOR DEFENDANT
HAYES FAMILY ENTERPRISES LLC d/b/a GECKO GREEN
LAWN CARE

**CERTIFICATE OF SERVICE**

I certify that on March 12, 2026, I served a copy of the foregoing document on all counsel of record in accordance with Federal Rule of Civil Procedure 5 via the Court's ECF system.

/s/ *David W. Dodge*
David W. Dodge